

FILED

SEP 0 5 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JESSICA LYNN CLOUGH, *aka* *Jessica Lynn Kotur*,<br><br>Defendant/Movant. | Cause No. CR 16-45-M-DWM<br>CV 18-77-M-DWM<br><br>ORDER DENYING MOTIONS |

Jessica Lynn Clough moves to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. Clough is a federal prisoner proceeding pro se. She has also filed a motion seeking reconsideration of her sentence. All pending matters are addressed. Each of her claims is denied for the reasons set forth below.

I. **Motion for New Counsel**

Clough asks the Court to appoint new counsel to represent her. *See* Mot. § 2255 (Doc. 75) at 6 ¶ 6. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the movant's ability to articulate her claims pro se. *See Weygandt v. Look*, 718 F.2d 952, 954 ¶ 2 (9th Cir. 1983) (per curiam). Counsel must be appointed "when the case is so complex that due

1

process violations will occur absent the presence of counsel," *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases.

Clough presents coherent motions articulating claims for relief. As explained, her claims lack merit, but that is not due to any lack of ability on her part or to the complexity of the task. There is no reason to suppose her right to due process is in jeopardy. The circumstances of her case do not warrant the appointment of counsel. That request is denied.

## II. Motion Under 28 U.S.C. § 2255

### A. Preliminary Review

Before the United States is required to respond to Clough's § 2255 motion, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by

2

ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

**B. Background**

On October 26, 2016, a grand jury indicted Clough on one count of conspiracy to commit wire fraud, a violation of 18 U.S.C. § 1349 (Count 1); 109 counts of wire fraud, violations of 18 U.S.C. § 1343 (Counts 2–110); one count of conspiracy to commit money laundering, a violation of 18 U.S.C. § 1956(h) (Count 111); one hundred one counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 112–132); two counts of money laundering in violation of 18 U.S.C. § 1957 (Counts 133 and 134); and three counts of tax evasion, violations of 26 U.S.C. § 7201 (Counts 135–137). Clough retained attorney Robert Bernhoft for her defense, with Matthew Stevenson as local counsel. *See* Order (Doc. 34); Acknowledgment (Doc. 35).

The Indictment alleged Clough defrauded her employer by entering legitimate payees in the company accounting system while actually writing company checks to herself (Counts 16–21), third parties (Counts 79–110), her husband Randy[1] (Counts 22–36), his mowing business (Counts 37–58), and a

---

[1] On the United States' motion, the case against Randy was dismissed on March 30, 2017. *See* Mot. (Doc. 47); Order (Doc. 48).

3

contracting firm renovating their home (Counts 59–78). She also used the company credit card for her personal expenditures and frequently paid off the card balance with company checks to avoid detection (Counts 2–15). Randy assisted her in concealing the scheme by transferring funds from his mowing business account to his personal account (Counts 112–132). The pair also withdrew funds from Randy's personal account to purchase a BMW and to pay the contracting firm (Count 133–134). As a result of these machinations, Clough underreported her income in calendar years 2011, 2012, and 2013 (Counts 135–137).

On April 7, 2017, the parties filed a fully executed plea agreement. Clough agreed to plead guilty to one count of wire fraud (Count 2), one count of money laundering (Count 133), and one count of tax evasion (Count 137). She also agreed to pay restitution to the Internal Revenue Service in the amount of $189,737.00 and waived her right to appeal the sentence. *See* Plea Agreement (Doc. 49) at 2 ¶ 2, 3 ¶ 4(a), 11-12 ¶ 10. The United States agreed to dismiss the remaining counts and to move for a two-level or, if appropriate, a three-level reduction in the offense level for acceptance of responsibility. *See id.* at 2 ¶ 2, 11 ¶ 8. On April 20, 2017, Clough pled guilty in open court. *See* Minutes (Doc. 55).

Sentencing was held on September 14, 2017. The probation office calculated the guideline application and restitution amount. On Counts 2 and 133, Clough's base offense level was seven. She received a 14-level enhancement for a

loss amount between $400,000 and $1,000,000, a two-level sophisticated-means enhancement, a one-level enhancement for conviction under 18 U.S.C. § 1957, and a two-level enhancement abuse of a position of trust. The adjusted offense level for Counts 2 and 133 was 26. *See* Presentence Report ¶¶ 49–57 & Ex. A. On Count 137, the tax loss fell between $80,000 and $200,000, resulting in a base offense level of 16. Clough received a two-level enhancement for failure to identify the source of income exceeding $10,000 from criminal activity. The adjusted offense level was 18. *See id.* ¶¶ 58–63. Under the rules for multiple counts, the combined adjusted offense level was 27. The United States moved for and obtained a three-level downward adjustment for acceptance of responsibility. The total offense level was 24. *See id.* ¶¶ 64–71. With a criminal history category of I, the advisory guideline range was 51 to 63 months. *See id.* ¶ 121. The restitution amount was $590,244.26 for the fraud offense and $189,737.00 for the tax offense. *See id.* ¶ 133 & Ex. B.

At sentencing, Clough objected to the two-level enhancements for sophisticated means and abuse of a position of trust. She also objected to several aspects of the restitution amount, including its redundancy with a civil judgment obtained by her employer in state court. *See* Presentence Report Addendum at 1–5; Sentencing Tr. (Doc. 73) at 5:5–10:25. Her objections were overruled. *See* Sentencing Tr. at 13:23–18:2. Counsel argued thoughtfully, articulately, and at

5

length about the guideline levels for fraud and tax offenses and about Clough's good characteristics as evidenced by the many sentencing letters he obtained. He requested a sentence of home confinement and supervised release or probation with home confinement. *See id.* at 22:5–38:10.

The Court adopted the presentence report without change. *See* Statement of Reasons (Doc. 65) at 1 §§ I(A), III. Clough was sentenced to serve 51 months in prison, to be followed by a three-year term of supervised release. She must pay a total of $779,981.26 in restitution. *See* Sentencing Tr. at 56:13–24, 60:17–24; Minutes (Doc. 63); Judgment (Doc. 64) at 2-3, 6.

Judgment was entered on September 14, 2017. Clough's conviction became final on September 28, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). She timely filed her motion under 28 U.S.C. § 2255 on April 24, 2018. *See* 28 U.S.C. § 2255(f)(1). She also filed, on June 13, 2018, a motion seeking reconsideration of her sentence.

### C. Claims and Analysis

#### 1. Direct Appeal

Clough states that she "was not made aware of the option of a direct appeal until several months of already being incarcerated." Mot. § 2255 at 4 ¶ 5(A); *see also* Mot. for Leave (Doc. 68); Letter (Doc. 70); Order Denying Mot. (Doc. 74).

This allegation is false. Clough was aware of the option of a direct appeal.

6

She waived it in her plea agreement. *See* Plea Agreement (Doc. 49) at 10 ¶ 7(i), 11–12 ¶ 10. When she pled guilty, she specifically acknowledged, four times, that she had a right to appeal and that she was waiving it four separate times. *See* Change of Plea Tr. (Doc. 72) at 19:22–20:20, 22:2–19, 28:2–7, 34:11–22. At sentencing, she again acknowledged her waiver of appeal. *See* Sentencing Tr. at 61:22–62:4.

To whatever extent Clough meant to say she was not made aware of the option of seeking an extension of time to appeal until she had been incarcerated for "several months," she fails to state a claim on which relief may be granted. The Court is not aware of any precedent requiring counsel to advise a client that the time to appeal may be extended in certain circumstances. Moreover, an extension is available only on a showing of excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(4). A litigant's ignorance of the possibility of an extension of time cannot justify or explain her failure to file a notice of appeal that is *timely* under Rule 4(b)(1)(A)(i).

Finally, assuming counsel failed to consult with Clough about pursuing a direct appeal, he did not perform unreasonably. Because of the plea waiver, and because Clough's allegations add no new information, there is no reason to suppose "that a rational defendant would want to appeal" or "that this particular defendant reasonably demonstrated to counsel that [s]he was interested in

7

appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). At most, Clough's current allegations demonstrate she would like to persuade the Court to impose a lesser sentence. That is not the role of an appeal. *See* 18 U.S.C. § 3742(a); *United States v. Carty*, 520 F.3d 984, 993–94 (9th Cir. 2008) (en banc).

## 2. Previous Counsel

Clough also contends that the attorney who represented her before the indictment was returned should have handled her matters differently. *See* Mot. § 2255 Ex. A Ground One (Doc. 75-1) at 1–2.

"The Sixth Amendment right of the "accused" to assistance of counsel in "all criminal prosecutions" is limited by its terms: it does not attach until a prosecution is commenced." *Rothgery v. Gillespie County*, 554 U.S. 191, 198 (2008) (quoting, *inter alia*, U.S. Const. Amend. VI) (internal quotation marks and citation omitted). Attachment of the Sixth Amendment right to counsel "requires the existence of both a 'criminal prosecution' and an 'accused,'" *United States v. Gouveia*, 467 U.S. 180, 188 (1984); *see also* 18 U.S.C. § 3006A(a)(1)(A), as well as a confrontation between the accused and "the procedural system, or . . . his expert adversary, or . . . both," *United States v. Ash*, 413 U.S. 300, 310 (1973); *see also Rothgery*, 554 U.S. at 199.

In Clough's case, these requirements did not coalesce until she was arrested and appeared before a federal judge in the District of Idaho on November 3, 2016.

8

At that time, she was informed of the charges against her and of her rights, and conditions were placed on her liberty, including a condition that required her to appear in this Court. *See* D. Idaho Minutes (Doc. 9 at 5); Order Setting Conditions of Release (Doc. 9 at 10–12).

Any errors by counsel before Clough's initial appearance on the federal indictment are a private matter between Clough and counsel, not violations of constitutional or other federal rights to be remedied under 28 U.S.C. § 2255. This claim is denied.

### 3. Ineffective Assistance of Counsel

Clough also argues that her attorney in the criminal case should have advised the Court that Clough's employer "had been a victim of embezzlement previously with his business" and so should have been more careful. She also claims counsel should have shown the employer "was making his own edits in the accounting software" in a manner his accountant disparaged. *See* Mot. § 2255 Ex. B Ground Two (Doc. 75-1) at 3.

At best, this information was irrelevant. At worst, it might have dissuaded the United States from entering into a plea agreement or lost Clough the three-level reduction for acceptance of responsibility. Counsel reasonably failed or declined to make these allegations, and Clough was benefitted as a result. This claim is denied.

## D. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A certificate of appealability should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Clough's claims do not meet even the relatively low threshold required for a certificate of appealability. Contrary to her allegation that she "was not made aware of the option of a direct appeal," she expressly waived her right to appeal (four times) when she pled guilty, and she again acknowledged her waiver at sentencing. Any errors by the lawyer who represented Clough before her federal indictment do not implicate a constitutional right. She believes her employer could have been more careful about the possibility of embezzlement and that he did things of which his accountant disapproved, but counsel was wise not to make these arguments, which are irrelevant at best. Clough does not identify anything unreasonable about counsel's performance. Nor do her allegations suggest a

10

reasonable probability her sentence would have been different.

Reasonable jurists would find no basis to disagree or to encourage further proceedings. Clough makes no showing she was denied a constitutional right. A certificate of appealability is not warranted.

### III. Reconsideration of Sentence

Clough asks the Court to "enter an order allowing her sentence to be reconsidered." Supp. (Doc. 77) at 1.

Once a sentence is imposed, a court's authority to alter it is limited. 18 U.S.C. § 3582(c). The Director of the Bureau of Prisons has not filed a motion to reduce Clough's sentence. *Id.* § 3582(c)(1)(A). She has not shown that an applicable guideline has been lowered by the Sentencing Commission. *Id.* § 3582(c)(2). The conditions of Fed. R. Crim. P. 35(a) or (b) have not been met. *Pepper v. United States*, 562 U.S. 476, 481 (2011), permits consideration of post-sentencing rehabilitation "when a defendant's sentence *has been* set aside on appeal," *id.* at 481 (emphasis added), but it does not authorize courts to set aside sentences. The Court is not aware of any other statutory authority, *see* 18 U.S.C. § 3582(c)(1)(B), that would allow it simply to reconsider Clough's sentence.

In an abundance of caution, the Court has considered whether Clough's arguments about her sentence, *see* Supp. (Doc. 77) at 2–9, could support any claim of ineffective assistance. They do not. She merely seeks a second bite at the

11

apple. Counsel ably defended her. She believes her sentence should be less harsh, but that does not mean counsel's performance was unreasonable or unfairly prejudicial to her. These allegations also fail to make a substantial showing Clough was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Clough's request for reconsideration of her sentence is denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Clough's request for the appointment of counsel is DENIED.

2. The motion for reconsideration of the sentence (Doc. 77) is DENIED.

3. The motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 75, 75-1, 77) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Clough files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 18–77–M–DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Clough.

DATED this 5th day of September, 2018.

Donald W. Molloy
United States District Court